148 So.2d 618

**Rachel HUNT**

**v.**

**UNITED STATES STEEL CORPORATION.**

**6 Div. 797.**

Supreme Court of Alabama.

Jan. 10, 1963.

W. H. Collier, Jr., Birmingham, for appellant.

J. R. Forman, Jr., and K. K. Howell, Birmingham, for appellee.

LAWSON, Justice.

This is a Workmen's Compensation Case wherein the sole question for decision is whether death benefits must be paid on behalf of the illegitimate children of a male employee.

That question was answered in the negative by the trial court. We agree.

In Sloss-Sheffield Steel & Iron Co. v. Watford, 245 Ala. 425, 17 So.2d 166, the trial court awarded compensation to the "widow" of the deceased workman for herself and for the seven children of the "marriage." On appeal to this court we held that the woman involved was not in fact the widow of the deceased workman. We reversed the judgment of the trial court and rendered a judgment for the defendant, thus denying benefits not only to the woman but to the illegitimate children which she had borne as a result of her illicit relationship with the deceased workman. However, the opinion in the Watford case did not discuss the claim of the illegitimate children.

Section 283, Title 26, Code 1940, as amended, sets forth the persons who are entitled to benefits upon the death of a workman. It also provides the order in which those persons are entitled to benefits and the percentage of the deceased workman's weekly average earnings to which they are entitled. That section provides for benefits to be paid to or for a "child" or "children" under certain circumstances and benefits are payable to no other class of dependents into which it could conceivably be argued illegitimate children fall. The words "child" or "children" are not modified by the word "illegitimate."

In Section 262, Title 26, Code 1940, as amended, the words "child" or "children" are defined thusly:

"(b) 'Child' or 'children' include posthumous children *and all other children entitled by law to inherit as children of the deceased,* also step-children who were members of the family of the deceased, at the time of the accident, and dependent upon him for support, also a grandchild of the deceased employee, whose father is dead or is an invalid, and who was supported by, and a member of the family of, such deceased grandparent at the time of the accident." (Emphasis supplied.)

It seems clear to us that illegitimate children of a deceased male employee are not included in the above definition inasmuch as illegitimate children do not inherit from their father under the law of this state. Moore v. Terry, 220 Ala. 47, 124

So. 80; Williams v. Witherspoon, 171 Ala. 559, 55 So. 132. See Hudson v. Reed, 259 Ala. 340, 66 So.2d 909.

It is the settled rule in this state, as elsewhere, that the words "child" or "children" when used in a statute do not include illegitimate children unless the context requires a different meaning. Williams v. Witherspoon, supra; Tillery v. Tillery, 155 Ala. 495, 46 So. 582. See Murrell v. Industrial Commission, 291 Ill. 334, 126 N.E. 189; Miller v. Industrial Commission of Ohio, 165 Ohio St. 584, 138 N.E.2d 672.

There are cases from other jurisdictions, including Portin v. Portin, 149 Tenn. 530, 261 S.W. 362, cited and relied upon by appellant, in which illegitimate children have been held entitled to the benefits of Workmen's Compensation acts, but the decisions have been based on statutes which expressly cover all illegitimate children or statutes which make the matter of dependency the controlling factor.

But all illegitimate children are not expressly included in the coverage afforded by our statutes and the right to compensation under our statutes does not rest upon dependency alone. There must be the existence of the relationship specified in the statute.

If dependency alone was the test we would have come to a contrary conclusion in the Watford Case, supra, and in Wilson v. Birmingham Electric Co., 219 Ala. 436, 122 So. 411; Bell v. Tennessee Coal, Iron & R. R. Co., 240 Ala. 422, 199 So. 813; Ex parte Shaw, 210 Ala. 185, 97 So. 694. See Ex parte Cline, 213 Ala. 599, 105 So. 686.

The policy of the State toward children born outside of the marriage relation has been modified by statute from that of the common law. Section 7, Title 16, Code 1940. As a result of that statute just cited the illegitimate children of a deceased female employee are entitled to death benefits under the Workmen's Compensation Law of this state. But not so as to the illegitimate children of a male employee, in view of the language used in § 262, Title 26, supra.

The extent to which such modification of the common law should go is a question for the determination of the legislature and not of the courts.

The judgment is affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and MERRILL, JJ., concur.