225 So.2d 359

**Joyce L. TALLEY et al., etc.**

v.

**A & M CONSTRUCTION COMPANY, Inc.**

**5 Div. 878.**

Supreme Court of Alabama.

June 26, 1969.

Rehearing Denied Aug. 7, 1969.

John Will Pitts and William D. Latham, Clanton, for petitioners.

C. William Gladden, Jr., Mead, Norman & Fitzpatrick, Birmingham, for appellee.

**372**

MERRILL, Justice.

This appeal by certiorari is from a judgment denying the claim of appellant and her infant children for benefits under the Workmen's Compensation Laws on the ground that appellant's marriage to the deceased employee was invalid because he had a living wife by an undissolved marriage. A motion for a new trial was overruled.

The deceased worker married Ernestine Edwards Talley and lived with her several years, childless, and separated without divorce. Subsequently a marriage ceremony uniting him with Annie Belle Talley was performed and of this union seven children were born.

After a four-day trial, involving the claims of Annie Belle Talley and her children, and those of the legal widow, Ernestine Edwards Talley, the trial court made a detailed finding of facts which included findings that:

"d) On February 2, 1952, the deceased, John Bob Talley, and intervenor, Earnestine Edwards Talley, contracted a valid marriage in Chilton County, Alabama, which marriage was never dissolved.

"e) Prior to the year 1959 John Bob Talley began cohabiting with plaintiff, then known as Annie Belle Laister, who now goes under the name of Annie Belle Talley, and later began living with her ostensibly as husband and wife.

"f) Plaintiff's children, (naming them), are the illegitimate children of Annie Belle Talley and John Bob Talley.

\*   \*   \*   \*   \*   \*

"i) On, to-wit, October 17, 1964, John Bob Talley and Annie Belle Talley were purported to be married in a ceremony performed in Perry County, Alabama. However, this marriage was invalid because the prior marriage of John Bob Talley with intervenor, Earnestine Edwards Talley, was valid and undissolved."

The court then denied recovery based upon cited authorities.

Appellants concede in brief that the "facts of this case as determined by the

Court below and stated in its decree are not averred to be in error." Their contention is that: "under the decree of the Court below and under Alabama's Workmen's Compensation law (on its face and as applied) the illegitimate issue of an invalid marriage are unreasonably classified and excluded from Workmen's Compensation benefits and are thereby denied due process and equal protection of the laws as required by the fourteenth amendment of the Constitution of the United States."

In § 262, Tit. 26, Code 1940, the following definition appears: "(b) 'Child' or 'children' include posthumous children and *all other children* entitled by law to inherit as children of the deceased, * * *."

We have held that a purported "widow" and her children by a deceased male employee cannot recover in a Workmen's Compensation case when, in fact, the purported "widow" was not the legal widow of the deceased worker. Hunt v. United States Steel Corp., 274 Ala. 328, 148 So.2d 618; Sloss-Sheffield Steel & Iron Co. v. Watford, 245 Ala. 425, 17 So.2d 166. The trial court based its decision on, and cited, these cases. We agree.

We do not consider or discuss the constitutional questions of due process and equal protection of the laws on which appellants contend that the judgment should be reversed.

An appellant cannot invoke action by a court and have a case tried on certain issues and then later, when dissatisfied with the result, raise an entirely new issue, such as the constitutionality of the statutes under which he was proceeding, on motion for a new trial. Board of Education of Choctaw County v. Kennedy, 256 Ala. 478, 55 So.2d 511; O'Bar v. Town of Rainbow City, 269 Ala. 247, 112 So.2d 790.

This suit was filed on July 15, 1967. The employer filed a plea in abatement on August 12, setting up the defense that Annie Belle Talley was not the wife of the deceased employee and that the children were illegitimate. The plea in abatement was held to be a plea in bar and the abatement feature was overruled on August 24. Ernestine Edwards Talley moved the court for leave to intervene on the ground that she was the legal widow of the deceased. Leave to intervene was granted October 4, 1967. On September 24, 1968, the plaintiffs, the defendant and the intervenor stipulated all facts necessary to show liability if a proper party appeared before the court. On September 24, plaintiffs joined issue on appellee's pleas. The cause was heard, taken under advisement and the judgment was rendered on November 19, 1968.

There is no transcript of the evidence since there is no dispute between appellants and appellee as to the facts or the findings of facts by the trial court.

Based upon the record before us, the pleadings, and the judgment, no issue was made or decided regarding the constitutionality of the applicable statutes or appellee's pleas. The alleged denial of constitutional rights was raised for the first time on motion for a new trial.

In the trial court, appellants were claiming benefits under the same law which they contend on appeal is unconstitutional.

In general, one cannot claim the benefits of an act and at the same time challenge its constitutionality. Larry v. Taylor, 227 Ala. 90, 149 So. 104; Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803.

We hold that the trial court correctly ruled that appellants were not entitled to recover because the mother was not the legal widow of the deceased employee and their children were not his legitimate children.

Affirmed.

LIVINGSTON, C. J., and LAWSON and HARWOOD, JJ., concur.