This is a workmen's compensation case. Two questions are presented for our decision: first, whether the six year old appellant is a child of the deceased workman, and second, if he is, whether he is entitled to share in workmen's compensation death benefits under the laws of Alabama. Both questions must be answered in the affirmative.
The contest here is actually between the appellant, who contends that he is an illegitimate child of Samuel Davis, Jr., and is entitled to recover workmen's compensation benefits occasioned by Mr. Davis's death, and the two legitimate children of Samuel Davis, Jr. The employer takes the position of a stakeholder who is disinterested in who recovers the benefits. At the outset, this court must express its appreciation to the attorneys for each set of claimants for excellent briefs which clearly, concisely, and amply set forth their respective contentions.
The judgment of the learned trial judge was in part as follows:
 This cause, coming on to be heard on the complaint, answers thereto, and stipulation of the parties appearing in this cause, and oral proof heard in open Court, from all of which the Court finds that on November 21, 1977, Samuel Davis, Jr. (hereinafter referred to as "deceased"), was employed as a laborer by plaintiff, that this employment was subject to the Alabama Workmen's Compensation Act; that on said date while working in Auburn, Lee County, Alabama, the said deceased sustained a fatal injury which was the result of an accident that arose out of and occurred in the course of his employment with plaintiff; that plaintiff had immediate and actual knowledge of said accident and provided deceased hospital *Page 1142 
and medical attention; that said deceased died in Montgomery County, Alabama, on December 7, 1977 as a direct and proximate cause of his injuries; that the average weekly earnings of deceased were $160.00 per week; that all hospital, medical, and funeral expenses have been paid by plaintiff; that at the time of his death, the defendant, Joann Warner Davis, was married to deceased but was not living with him nor was she supported by him; that said Joann Warner Davis, per counsel in open Court, disclaimed any death benefits; that during their marriage, two minor children were born to deceased and Joann Warner Davis, to-wit, Samuel Davis, III, age 9, and Kenneth DeWayne Davis, age 7; that said minors are living with their mother and that she is a fit and proper person to receive and disburse funds for their use and benefit.
. . . . .
 The Court further finds that the minor defendant, Kenneth Leonard Foy, age 6, is the illegitimate son of deceased, who provided to some extent support for said child, along with normal paternal love, affection, and attention. The Court would be inclined to order one-third of the death benefits in this case to said minor, but solely because of the clear dictate of Code of Alabama 1975, Section 25-5-1, to-wit:
 "(2) CHILD OR CHILDREN. Such terms include posthumous children and all other children entitled by law to inherit as children of the deceased; stepchildren who were members of the family of the deceased, at the time of the accident, and dependent upon him for support; a grandchild of the deceased employee, whose father is dead or is an invalid, and who was supported by and a member of the family of such deceased grandparent at the time of the accident."
 it is clear to the Court that as a matter of law an illegitimate child is not entitled to death benefits under the Alabama Workmen's Compensation Act. This Court therefore finds that the two minor children, Samuel Davis, III and Kenneth DeWayne Davis, are entitled to the Alabama Workmen's Compensation death benefits and that said benefits are to be paid said minors weekly, except that all amounts that have accrued to date shall be paid to them in a lump sum.
 I
The trial court heard the evidence regarding whether Kenneth Leonard Foy was the illegitimate son of the deceased. As this is a workmen's compensation case, its holding constitutes a finding of fact which if supported by any evidence will not be disturbed on appeal. There is ample evidence to support such a finding.
 II
This court is squarely faced with the question of whether an illegitimate child may presently recover for workmen's compensation death benefits arising from a deceased father's death in view of Weber v. Aetna Casualty Surety Co.,406 U.S. 164, 92 S.Ct. 1400, 31 L.Ed.2d 768 (1972).
For many years, death benefits under the Alabama Workmen's Compensation Act have been limited to legitimate children of the deceased father. Such Act defines a "child or children" as follows:
 Such terms include posthumous children and all other children entitled by law to inherit as children of the deceased . . . § 25-5-1 (2), Code of Ala. 1975.
In 1963 the Supreme Court of Alabama expressly held that death benefits may not be paid to illegitimate children of a male employee. Hunt v. U.S. Steel Corp., 274 Ala. 328,148 So.2d 618 (1963). Mr. Justice Lawson therein requoted the settled rule that the words "child" or "children" when used in a statute do not include illegitimate children "unless the context requires a different meaning."
In Talley v. A M Construction Co., 284 Ala. 371,225 So.2d 359 (1969), cert. den., 397 U.S. 995, 90 S.Ct. 1133,25 L.Ed.2d 402 (1970), our supreme court again held that bastard children of a deceased male employee *Page 1143 
could not recover such death benefits under the Act.
Thus, the Alabama law was clear, unambiguous, and well established prior to the Weber decision in 1972, which held that no valid distinction as to entitlement to workmen's compensation benefits can be drawn between legitimate and illegitimate children since such a distinction violates the Equal Protection Clause of the fourteenth amendment.
Here, the legitimate children correctly state that illegitimates may inherit from their intestate father's estate through three methods, namely:
(1) A child born out of wedlock may prove legitimation by the marriage of his parents plus a clear and unambiguous recognition of the child by the father; or
(2) Such child may be legitimated by a written, attested, and filed instrument; or
(3) The child may prove that his paternity was judicially decided within two years of birth and during the life of the father. Everage v. Gibson, Ala., 372 So.2d 829 (1979). The only evidence in this case indicated that there was no compliance with any of these methods whereby the appellant may inherit from his father, Samuel Davis, Jr., who died intestate.
The appellees further engraft to such proposition the holding of the Supreme Court of the United States that a statute is constitutional which provides that in order for an illegitimate child to inherit from his father by intestate succession the child must provide a court order declaring paternity, which determination must have been made during the life of the father. Lalli v. Lalli, 439 U.S. 259, 99 S.Ct. 518,58 L.Ed.2d 503 (1978). Hence, the appellees say that in Alabama illegitimate children can presently recover such benefits if they could inherit and there is nothing wrong with that aspect of the Alabama Workmen's Compensation Act now under attack.
In 2 Larson, Workmen's Compensation Law § 62.22 (1976) after summarizing the law prior to 1972, Weber, supra, is minutely discussed and the following conclusions appear therein:
 [S]ince the facts in Weber were at the extreme end of the spectrum of difficulty, involving a child that was both unacknowledged and posthumous, and since the statute was also at one extreme end, specifically covering posthumous children and acknowledged illegitimate children, it can safely be concluded that, if discrimination based on illegitimacy is ruled out in this case, it is ruled out under every kind of statute or set of facts.
The Supreme Court of the United States answered contentions similar to the present assertions as follows:
 Respondents contend that our recent ruling in Labine v. Vincent, 401 U.S. 532, 91 S.Ct. 1017, 28 L.Ed.2d 288 (1971), controls this case. In Labine, the Court upheld, against constitutional objections, Louisiana intestacy laws which had barred an acknowledged illegitimate child from sharing equally with legitimate children in her father's estate. That decision reflected, in major part, the traditional deference to a State's prerogative to regulate the disposition at death of property within its borders. Id., at 538, 91 S.Ct., at 1020. The Court has long afforded broad scope to state discretion in this area. Yet the substantial state interest in providing for "the stability of . . land titles and in the prompt and definitive determination of the valid ownership of property left by decedents," Labine v. Vincent, 229 So.2d 449, 452 (La.App. 1969), is absent in the case at hand. Weber, supra.
The Court of Civil Appeals of Texas ruled upon a statute similar to Alabama's wherein the Texas Employees Insurance Association contested an illegitimate's right to benefits emanating from a deceased father. The court held that such argument was not persuasive and bore too close a resemblance to the unsuccessful contentions raised in Weber, supra. Gonzalezv. Texas Employees Insurance Association, Tex.Civ.App.,509 S.W.2d 423 (1974).
It is the duty of courts to give a statute a construction that will sustain its *Page 1144 
constitutional validity if reasonably possible. Pruett v.Patton, 288 Ala. 710, 265 So.2d 130 (1972); Ala.Dig.Constitutional Law 48.
To paraphrase Justice Lawson's words in Hunt, supra, the context now requires a different meaning. Weber would require that "child" and "children" as used in our statute include an illegitimate child or children in order to be constitutional. We hereby extend such meaning to such words in order to preserve a constitutional statute.
We are not unmindful of the effect of this decision.
 Weber does not, however, solve the compensation law problem completely. There remains one nagging worry of a practical sort, which Weber did not have to concern itself with. The facts in Weber included an acceptance of the deceased's paternity as established, in spite of the absence of legal acknowledgement. But in the world of everyday life rather than stipulated facts, establishment of paternity is notoriously difficult. And when the child is born posthumously the difficulty is multiplied, since the alleged father is not available to contradict the mother's account. The danger of spurious claims against deceased workmen by unwed mothers looking for some added income cannot be ignored. Of course, if there is evidence of actual support of the mother by the decedent, or of the child's living in the decedent's household, the problem is lessened. But there will be causes in which there is no such evidence, and in which the deceased's paternity may yet be a fact. Under Weber, if that paternity is legally established, this ends the matter; the illegitimate child cannot be subjected to added requirements of actual dependency and living in the household if the same requirements are not applied to legitimate children. All that can be said at this point is that Weber may have given the courts in many states an unenviable added burden of determining legal paternity in compensation cases. Larson, supra.
This case is reversed for the foregoing reasons and is hereby remanded to the trial court where the judgment in this case shall be amended so as to provide that the appellant, Kenneth Leonard Foy, shall share in such death benefits as contingently provided by portions of the judgment not heretofore copied herein in the event of a successful appeal by said minor.
The foregoing opinion was prepared by Retired Circuit Judge Edward N. Scruggs, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e), Code of Alabama 1975. His opinion is hereby adopted as that of the court. The judgment below is hereby reversed and remanded.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY and HOLMES, JJ., concur.