Kay Capps, as administratrix of the estate of Richard D. Capps, deceased, filed this action against Alabama Power Company, charging Alabama Power with the wrongful death of Richard Capps. Capps was electrocuted when he raised the bed of his dump truck into Alabama Power's electrical distribution lines. The trial court entered judgment on the jury's verdict awarding $500,000 to Mrs. Capps. Alabama Power argues that the trial court *Page 1329 
erred in denying its motion for new trial because the verdict was against the great weight and preponderance of the evidence; that the damages were excessive; that it is unconstitutional to impose punitive damages in wrongful death cases, such as this one, where the alleged wrongful conduct amounts only to negligence; and that the statutory 10% affirmance penalty is unconstitutional.
We find no merit to the argument that the verdict was against the great weight and preponderance of the evidence. The electrocution took place at a sand and gravel mining operation, and the essential theory of liability was that Alabama Power installed or maintained its distribution lines with too low a vertical clearance for this location, where large items of equipment, such as the dump truck in this case, routinely passed. The evidence created a jury question as to what was a safe height for the lines and as to what the actual height was. Alabama Power undisputedly knew that the large items of equipment were present in the vicinity of the lines. These lines were installed specifically to serve this mining operation. Indeed, a large piece of equipment had torn down the lines about 200 yards from the site of this particular occurrence less than two months earlier.
Alabama Power also argues that Capps was contributorily negligent, but we agree with the trial court that the evidence presented a jury question on this issue also, and that the evidence did not so conclusively show contributory negligence as to require that the verdict be set aside. Therefore, the trial judge did not err in denying Alabama Power's motion for new trial on the ground that the verdict was against the great weight and preponderance of the evidence. See generally, Alabama Power Co. v. Cantrell,507 So.2d 1295 (Ala. 1987), appeal docketed, 56 U.S.L.W. 3166 (U.S. Aug. 20, 1987) (No. 87-294); Alabama Power Co. v. Brooks,479 So.2d 1169 (Ala. 1985); Alabama Power Co. v. Alexander,370 So.2d 252 (Ala. 1979).
Nor do we find the award of $500,000 to be excessive. A verdict and judgment of $1,000,000 was upheld inCantrell, supra, under a theory of liability very similar to that in the present case, and the facts in this case certainly show no less culpability than those in Cantrell. The trial court, citing Hammond v. City of Gadsden, 493 So.2d 1374 (Ala. 1986), entered the following findings, among others, in denying Alabama Power's motion for remittitur or new trial:
 "There was an abundance of evidence presented in this case from which the jury could find that the Alabama Power Company knew or should have known that their uninsulated power line created a dangerous condition and that persons, while working in the area where the accident occurred, might come in contact therewith. This evidence included testimony that the line in question was low; that its vertical clearance violated recognized safety standards; that large mining equipment and trucks had operated in close proximity to the line for several years; that defendant's meter readers had gone within a few feet of the line on a monthly basis for several years prior to the accident; that the Alabama Power Company failed to follow its own inspection standards concerning pole inspection on the line involved in this suit; and, that shortly before [Mr. Capps's] death a piece of large mining equipment, used in the area, severed the electrical line, completely pulling it to the ground within close proximity to the accident site causing Alabama Power Company to go to the area to repair the same.
 "There was evidence that the defendant, Alabama Power Company, was on notice of a dangerous condition and, in violation of their own and the industry's accepted safety rules, took no action to inspect or correct the problem and the resulting low hanging uninsulated wire caused the death of Richard Capps."
Alabama Power's argument that the damages were excessive presents no ground for reversal.
Alabama Power places most of its emphasis on its argument that the imposition of punitive damages in wrongful death *Page 1330 
cases is unconstitutional, at least as applied in this case. See Code 1975, § 6-5-410, and annotations thereto. Capps correctly points out, however, that Alabama Power did not raise this argument until it made its post-trial motions.
 "An appellant cannot invoke action by a court and have a case tried on certain issues and then later, when dissatisfied with the result, raise an entirely new issue, such as the constitutionality of the statutes under which he was proceeding, on motion for a new trial."
Talley v. A M Construction Co., 284 Ala. 371, 373,225 So.2d 359, 360 (1969), cert. denied, 397 U.S. 995, 90 S.Ct. 1133,25 L.Ed.2d 402 (1970), (citations omitted). If Alabama Power had objected to proceeding under the theory of punitive damages at the pleading stage, during the taking of evidence, or even during the instructions to the jury, the trial court would have been presented with the constitutional issues now argued and, if it had accepted the argument, could have saved the time and expense of trial under the allegedly unconstitutional theory of damages. Instead, Alabama Power waited to challenge the application of punitive damages until a verdict was returned under that theory, which it cannot do.
In Merrell v. Alabama Power Co., 382 So.2d 494 (Ala. 1980), this Court held that the constitutionality of the imposition of punitive damages under the wrongful death statute could not be raised for the first time on appeal. In that case, the complaint had been dismissed because the plaintiff had insisted upon proceeding under the theory of compensatory damages, so there was even less reason there than here to apply the rule that constitutional questions must be timely raised. Merrell
also traced the genesis of the interpretation that the wrongful death statute allows only punitive damages, stated that the rule was based on sound reasoning, and declined to overrule it after the many legislative recodifications of the statute with that interpretation. See, also, Black Belt Wood Co. v.Sessions, 514 So.2d 1249 (Ala. 1987).
Alabama Power argues that, in the event the judgment is affirmed, the 10% affirmance penalty imposed by Code 1975, § 12-22-72, should not be applied because it is unconstitutional. This argument is moot, because the legislature has repealed the 10% penalty, effective as to all judgments affirmed after June 11, 1987. 1987 Ala. Acts, No. 87-188.
The judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.