Louise S. Courtney, as administratrix of the estate of her husband, William S. Courtney, brought this action against Alabama Power Company and Charles Robert Dobbins for wrongful death resulting from a collision of an Alabama Power vehicle operated by its employee, Dobbins, and an automobile operated by Mr. Courtney. The jury returned a verdict for Mrs. Courtney and against Alabama Power in the amount of $750,000.00. Motions for judgment notwithstanding the verdict, new trial or remittitur were denied. Alabama Power and Dobbins appeal from the judgment entered upon the jury verdict.
On Tuesday, December 17, 1985, Dobbins was driving an Alabama Power Company Chevrolet Blazer south on U.S. Highway 31 on his way to the Holiday Inn at the 1-65 interchange near Clanton, Alabama. William Courtney was driving his automobile north on U.S. 31. When Dobbins made a left turn into the path of Mr. Courtney's oncoming automobile to enter the Holiday Inn parking lot, the two vehicles collided, resulting in Mr. Courtney's death.
Mrs. Courtney alleged that Dobbins's failure to yield the right-of-way was negligent and resulted in her husband's death.
The primary issue on appeal concerns the testimony of the plaintiff's accident reconstruction *Page 172 
expert. Alabama Power[1] first contends that the trial court committed error by allowing the expert to testify although he had been identified as a witness only a week prior to the trial of the case. Alabama Power also argues that the witness was allowed to testify to matters in addition to those specified in the pre-trial order, as well as to matters outside his area of expertise.
Within 30 days of the commencement of the action, Alabama Power served interrogatories on Mrs. Courtney, requesting identification of any expert witnesses and the subject matter of, and factual bases for, their testimony. Subsequently, Mrs. Courtney filed her answers to those interrogatories, stating that the requested information would be furnished when decided upon. The case was set for trial during the week of July 27, 1987.
On July 21, 1987, Alabama Power received the plaintiff's supplemental answers to interrogatories, which identified Ed Robinson as an accident reconstruction expert witness. On the same day, Alabama Power moved to strike the expert witness or, in the alternative, for a continuance, on the ground that the substance of the expert's opinions and the factual grounds for each opinion had not been furnished as requested by Alabama Power. Also on July 21, the parties conducted a telephone conference with the court concerning Alabama Power's motion. During this conference, counsel for Mrs. Courtney indicated that the expert would testify only concerning Dobbins's unobstructed view of Mr. Courtney's automobile and the distances involved. The court ordered Mrs. Courtney to provide Alabama Power with a synopsis of the expert's expected testimony. On Thursday, July 23, Alabama Power filed a notice to take the deposition of Dr. Robinson on July 24, because it had not received any synopsis of his opinions. On July 24, Alabama Power answered the complaint, pleading the affirmative defense of contributory negligence (Alabama Power's earlier motion to dismiss had been denied).
On July 27, the deposition not having been taken, Alabama Power filed a motion for a rehearing on its earlier motion to strike the expert witness or, in the alternative, for a continuance. On the morning of Tuesday, July 28, Alabama Power took the deposition of Dr. Robinson. During the deposition, Dr. Robinson indicated that it was his opinion that Mr. Courtney did not have adequate response time to avoid the accident prior to his collision with the Alabama Power vehicle operated by Dobbins.
On Wednesday, July 29, the trial court overruled Alabama Power's motion for rehearing on the earlier motion and amended its earlier order to allow Dr. Robinson to testify concerning reaction time.
Alabama Power argues that the expert's testimony was in violation of the requirement of Rule 26(e), Ala.R.Civ.P., that a party supplement or amend answers to interrogatories as further information becomes available. The record shows that Mrs. Courtney failed to identify Dr. Robinson in response to Alabama Power's interrogatories requesting the identity of witnesses to be offered by the plaintiff at trial. The record also shows that Alabama Power was notified of Mrs. Courtney's intention to call Dr. Robinson as an expert witness six days prior to the beginning of the week set for trial. Alabama Power filed its answer pleading contributory negligence three days prior to the date set for trial. Alabama Power deposed Dr. Robinson one day prior to the actual beginning of the trial.
If justified by the circumstances, a judge may properly require a party to disclose the names of all persons he intends to call as witnesses at trial, but a discovering party does not have the right to demand from an adverse party a list of all witnesses to be called at trial. Mitchell v. Moore,406 So.2d 347 (Ala. 1981); Ex Parte Dorsey Trailers, Inc.,397 So.2d 98 (Ala. 1981). The trial court considered all of the circumstances, including those set out above, and *Page 173 
concluded that Mrs. Courtney had not knowingly concealed the identity of Dr. Robinson in violation of Rule 26(e). The trial court also determined that Dr. Robinson should be allowed to testify concerning reaction time. The decision to allow the testimony of Dr. Robinson was within the discretion of the trial court. See Erwin v. Sanders, 294 Ala. 649, 320 So.2d 662
(1975). We find no abuse of discretion in this regard.
Alabama Power next contends that Dr. Robinson's opinion testimony was not based upon the witness's firsthand knowledge of the facts or upon hypothetical questions arising from facts in evidence, as required by rules of evidence. It is further argued that Robinson was allowed to predicate his opinion and conclusions that Mr. Courtney did not have time to avoid the accident upon his reading of unspecified literature, which was not in evidence, not identified, and not authenticated.
The frame and substance of hypothetical questions to expert witnesses is a matter largely committed to the sound discretion of the trial court. Osborn v. Brown, 361 So.2d 82
(Ala. 1978). An objection to testimony on the ground of inadequacy of facts goes to the weight of the evidence rather than its admissibility. Dyer v. Traeger, 357 So.2d 328 (Ala. 1978).
The purpose of the rule requiring that the hypothetical questions asked of experts include facts upon which their opinions are based is to provide the finder of fact with the factual premises upon which conclusions are based, rather than with conclusions alone. See Alabama Power Co. v. Robinson,447 So.2d 148 (Ala. 1983). The questions posed to Dr. Robinson contained sufficient facts to apprise the jury of the factual premises underlying his opinions. The trial court did not abuse its discretion in allowing Robinson's testimony.
Alabama Power's final argument is that the Alabama wrongful death statute, Ala. Code 1975, § 6-5-410, providing for the imposition of punitive damages for simple negligence, violates the Fourth, Fifth, Sixth, and Eighth Amendments of the United States Constitution, as incorporated into theFourteenth Amendment of the United States Constitution.
The record reflects that Alabama Power did not raise this argument until it made its post-trial motions. See Talley v. A M Construction Co., 284 Ala. 371, 373, 225 So.2d 359, 360
(1969), cert. denied, 397 U.S. 995, 90 S.Ct. 1133,25 L.Ed.2d 402 (1970), (citations omitted). Alabama Power did not object to proceeding under the theory of punitive damages at the pleading stage, during the taking of evidence, or even during instructions to the jury. As a result, the trial court was never presented with the constitutional issues now argued. SeeAlabama Power Co. v. Capps, 519 So.2d 1328 (Ala. 1988). Instead, Alabama Power waited to challenge the application of wrongful death punitive damages until a verdict was returned under that theory. The constitutionality of the imposition of punitive damages under the wrongful death statute can not be raised for the first time on appeal. Alabama Power Co. v.Capps, 519 So.2d 1328 (Ala. 1988); Merrell v. Alabama PowerCo., 382 So.2d 494 (Ala. 1980). For the foregoing reasons, the judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.
[1] For purposes of simplicity, references to Alabama Power include appellant Charles Robert Dobbins.