PER CURIAM.
The plaintiffs appeal from a judgment based in part on a directed verdict and in part on a jury verdict for the defendant in an automobile accident case. We affirm.
The accident took place on January 31, 1987, at the intersection of Hargrove Road and Hackberry Lane in Tuscaloosa, Alabama. Both automobiles were stopped, waiting to merge into traffic. While he was watching the oncoming traffic, Mr. Morris’s foot slipped off the brake pedal and his car bumped Mrs. Brown’s car. Neither car sustained any visible damage from the accident. Neither driver reported an injury to the investigating officer.
Subsequently, on December 14, 1988, Sandra Sanders Brown, Finley Evan Brown (her son and passenger), and James Brown sued Lee Garrison Morris, alleging negligence and wantonness. In her complaint, Mrs. Brown alleged that she had suffered *60 head, neck, and jaw injuries in the accident and that her son had sustained neck injuries. Her husband, James Brown, claimed damages for loss of consortium.
The case was tried on February 13, 1991. The trial court entered a directed verdict in favor of the defendant on the issue of wantonness. The case went to the jury on the issue of negligence, and the jury found in favor of the defendant. The plaintiffs filed a notice of appeal, but without having moved for a new trial.
The plaintiffs first object to the jury venire, based upon the principles of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), as those principles have been extended to civil cases. However, because the plaintiffs failed to state an objection based on Batson at trial, they are now precluded from raising the issue on appeal.
“It is settled that constitutional issues must be raised before the trial court in order to be preserved for review upon appeal. Marion v. Hall, 429 So.2d 937 (Ala.1983); Talley v. A & M Construction Co., 284 Ala. 371, 373, 225 So.2d 359, 360 (1969), cert. denied, 397 U.S. 995, 90 S.Ct. 1133, 25 L.Ed.2d 402 (1970); Hicks v. Huggins, 405 So.2d 1324 (Ala. Civ.App.), cert. denied, 405 So.2d 1328 (Ala.1981). We have declined previously to resolve similar issues because ‘these challenges were not presented for resolution before the trial court and [were] presented for the first time on appeal.’ Nationwide Mutual Ins. Co. v. Clay, 525 So.2d 1339, 1344 (Ala.1987), cert. denied, 488 U.S. 1040, 109 S.Ct. 863, 102 L.Ed.2d 988 (1989).”
Olympia Spa v. Johnson, 547 So.2d 80, 86 (Ala.1989).
The plaintiffs next contend that the trial court erred when it sustained certain objections to Mrs. Brown’s comments as to medical matters. We find no reversible error, based on the authority of Rule 61, A.R.Civ.P.
The plaintiffs also question the trial court’s refusal to admit evidence of “out-of-pocket” expenses and medical bills on the grounds that no proper predicate had been laid for their admission. The jury having found for the defendant on the issue of liability, the issues regarding the extent of damages present no basis for finding reversible error. This Court has said that “ ‘error in the rejection or admission of evidence going merely to the extent of injury and damages will not work a reversal where, as here, there was a general verdict absolving the defendants from liability.’ ” Cannon v. Jones, 565 So.2d 32 (Ala.1990), quoting Broughton v. Kilpatrick, 362 So.2d 865, 867 (Ala.1978), citing Reed v. L. Hammel Dry Goods Co., 215 Ala. 494, 111 So. 237 (1927).
Finally, we find no error in the court’s directing a verdict for the defendant on the issue of wantonness. See Brown v. Turner, 497 So.2d 1119 (Ala.1986); Trahan v. Cook, 288 Ala. 704, 265 So.2d 125 (1972); Westbrook v. Gibbs, 285 Ala. 223, 231 So.2d 97 (1970); Lynn Strickland Sales & Service, Inc. v. Aero-Lane Fabricators, Inc., 510 So.2d 142 (Ala.1987); and Central Alabama Electric Cooperative v. Tapley, 546 So.2d 371, 379 (Ala.1989). A directed verdict on the issue of wantonness was appropriate, because the facts and inferences so strongly and overwhelmingly favor the defendant that reasonable persons could arrive only at one verdict, a verdict for the defendant. Bickford v. International Speedway Corp., 654 F.2d 1028, 1031 (5th Cir.1981); Osborn v. Johns, 468 So.2d 103 (Ala.1985).
There being no reversible error shown, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES, HOUSTON and KENNEDY, JJ., concur.