# Mobley *v.* Webb.

*Contest of Claim filed against Insolvent Estate.*

1. *Necessaries furnished to minor child by grandmother.*—When an infant, whose parents are dead, is taken by his grandmother into her family, and furnished for years with necessary board, clothing and tuition, she thereby places herself *in loco parentis* towards the child; and on his death during minority, the law will not presume an indebtedness by the estate to her, in the absence of all evidence showing a claim of remuneration on her part, or the recognition of an indebtedness by the child.

APPEAL from the Probate Court of Greene.

Heard before the Hon. WM. C. OLIVER.

In the matter of the insolvent estate of William A. Glover, deceased, against which a claim was filed by Mrs. E. W. Clements, who was the decedent's grandmother. The ad-

[Mobley v. Webb.]

ministrator filed objections to the allowance of the claim, denying any indebtedness, and pleading the statute of limitations; and on the trial of the contest between the parties, made up under the direction of the court, the evidence established these facts: W. A. Glover died in June, 1873, being at the time about seventeen years of age. His mother, who was the daughter of Dr. A. Clements and Mrs. E. W. Clements, died in Noxubee county, Mississippi, in 1856, when said Wm. A., her only child, was an infant. A guardian for the infant was appointed in Mississippi, who received from the mother's estate about $2,000, in 1869; "but said guardian went to Cuba soon afterwards, and the money now in the hands of the administrator, all the money ever realized for the said infant, was collected from the sureties of said guardian." The child was taken by Mrs. Clements into her family, but at what time does not appear, and was supported, clothed and educated by her. The claim filed by her against the estate was for "board, nursing and clothing, from about April, 1856, to October, 1858, at $12.50 per month;" board and clothing, in 1867 and 1869; and board, clothing and tuition, in 1870, 1871, and 1872; together amounting to $1,043.50. The receipts for money paid on account of board and tuition at school, during the years 1870–72, were produced; and there was evidence as to the reasonable value of the clothing furnished each year. There was proof, also, of declarations by Mrs. Clements, to the effect that she intended to provide for the child, as he had nothing, and that she had (or would) set apart for him a portion of a tract of land. Mrs. Clements died before the trial of the issue contesting her claim, and her estate was represented by an administrator *ad litem.* On the evidence adduced, the court held that the claim was barred by the statute of limitations, except as to the last two items, which together amounted to $47.50. The administrator *ad litem* excepted to this ruling, and he here assigns the decree as error.

G. B. MOBLEY, for the appellant.

WM. P. WEBB, *contra.*

SOMERVILLE, J.—The evidence before the probate judge authorized the conclusion, that the several sums paid out by Mrs. Clements for the benefit of Glover, who was a minor, and her grandson, were paid out without request on

[Lee v. Green.]

his part. The grandmother also stood *in loco parentis* towards the minor, and the sums expended were for necessaries, such as board, tuition and clothing. She thus established a *quasi* parental relation towards him, by maintaining, clothing and educating him as a member of her family. No presentation of these accounts was shown to have been made to the minor during his life, or the life of the grandmother, and no promise to pay, express or implied, on his part is shown. From this fact a gift might well be presumed. The law, at any rate, will not presume an indebtedness from the estate of the minor to that of the grandmother, under these circumstances.

This view of the case is fatal to a recovery by the appellant, apart from any question as to the statute of limitations, and the judgment is affirmed.