244 So.2d 378

**Lillie Smith BROWNING**

**v.**

**The CITY OF HUNTSVILLE, Alabama.**

**8 Div. 31.**

Court of Civil Appeals of Alabama.

Feb. 3, 1971.

Culver & Miller, Huntsville, for appellant.

Ford, Caldwell, Ford & Payne, and Robert L. Hodges, Huntsville, for appellee.

**504**

WRIGHT, Judge.

Appellant, Lillie Smith Browning, brought suit for death benefits due under the Workmen's Compensation Act for the death of William T. Gaskins, Jr. Gaskins was employed as a police officer by the appellee, City of Huntsville, Alabama, and was killed in line of duty on August 26, 1968.

In addition to usual allegations necessary to show jurisdiction of the court and application of the Workmen's Compensation Act, appellant's petition alleged that she was the foster mother of the deceased and was wholly dependent upon him for support.

To the petition, appellee filed a plea in abatement, stating as grounds that petition-er had no legal capacity to bring an action under the Workmen's Compensation Act, as the petition affirmatively showed that she was not within the specified dependent persons entitled to benefits as provided by Title 26, Section 283, Code of Alabama 1940.

Demurrer to the plea in abatement was overruled and trial was held before the trial judge on the merits of the plea. Judgment on the plea was entered as follows:

### "JUDGMENT ENTRY

"This cause having been regularly set for trial for this day on the Defendant's Plea in Abatement filed in this cause and no trial by jury having been demanded by either party, this cause is tried by the Court without the intervention of a jury, and the Court, after hearing the evidence, renders a judgment for the defendant on the defendant's plea in abatement filed herein. (Consolidated Underwriters v. Ward, [Tex.Civ.App.], 57 S.W.2d 964 (1933).

"This the 8th day of April, 1970.

"John D. Snodgrass,
Circuit Judge"

Petition for certiorari to this Court was duly filed. Assignments of error were directed to the judgment sustaining the plea in abatement, the overruling of demurrer to the plea, and to the form of the judgment.

The overruling of the demurrer to the plea in abatement and the judgment sustaining the plea are inextricably bound together. If the averments of the plea were proved, there is no question but that abatement was proper. Appellant recognized such to be the case in brief. Argument to the ruling on demurrer consists of adoption of the argument to the judgment sustaining the plea. We therefore consider there is only one issue raised by the two. That issue is whether a foster mother or one standing in loco parentis to the deceased, though shown to be wholly

dependent, is entitled to benefits under the Workmen's Compensation Act of this state.

There was no conflict in the evidence presented on trial of the plea in abatement. Petitioner was a maternal aunt of the deceased. The mother had died when the deceased was very young and petitioner had taken him into her home, though she was of limited means, and had reared him as if he were her own child. His father gave no material aid and rarely saw him. After reaching manhood the deceased went into military service. While in service he made allotment to petitioner. After service he secured a job as a policeman with the City of Huntsville and lived with petitioner. He was never married. His wages were given to petitioner and she ran the household. Deceased's income returns indicate petitioner was wholly dependent upon him, together with her brother who lived with them. It is clear that the relationship between deceased and petitioner was as close as that of any legal mother and son.

However, neither closeness of relationship nor depth of love and affection is included in the statutes granting right to benefits under Workmen's Compensation. The classification of those entitled to benefits is specifically set out in Title 26, Sections 281 and 283, Code of Alabama 1940. Those named in Section 281, and in the order named, are dependent wife, child, husband, mother, father, grandmother, grandfather, sister, brother, mother-in-law and father-in-law. The pertinent part of Section 283 is as follows:

"283. Death compensation.—In death cases * * * compensation payable to dependents * * * shall be paid to the persons entitled thereto * * *.

"(A) Persons Entitled to Benefits.

"* * * (7) If the deceased employee leaves no widow or child or husband entitled to any payment hereunder, but leaves a parent or parents, either or both of whom are wholly dependent on the deceased, there shall be paid, * * *."

Petitioner, as an aunt of deceased, does not come within any class enumerated in the statute as entitled to benefits. Her qualification in that respect is not contended by appellant. It is the contention of appellant that because she and the deceased had mutually assumed all of the usual filial relationship, including obligations and responsibilities of mother and son, that she qualified for benefits as a parent under the Workmen's Compensation Act.

It was said in Custer v. Reitz Coal Co., 174 Pa.Super. 595, 101 A.2d 433 (1953) as follows:

"The Workmen's Compensation Act must be liberally construed to achieve its broad humanitarian purpose, * * * The word 'mother' is not defined in the act and therefore becomes a question of statutory construction for the court. * * *

"'The Workmen's Compensation Act was designed to aid those relatives of the deceased who were dependent upon and relied upon the support and aid of the decedent.' * * *

"The enumeration in the Act of those entitled as claimants is to a great extent for the purpose of establishing priority of right. It is evident that the limitation of those entitled to claim * * * was intended to limit rights to those standing in a normal family relationship. * * *

"The term 'mother' has infinitely more meaning than merely indicating the woman who bore the child."

There are other cases in Pennsylvania which have allowed compensation to a stepmother and to an adoptive mother on the principle that dependency is the primary consideration for allowing compensation and that one who stands in loco parentis is a parent within the beneficent purpose of the act.

The only case in a jurisdiction other than Pennsylvania cited in support of appellant's contention is that of Faber v.

Industrial Commission, 352 Ill. 115, 185 N.E. 255 (1933). However, it appears to have turned on the recognition by Illinois courts of enforceable rights of one in loco parentis. Among such rights was the right to sue for injury to the child resulting in loss of services by the one in loco parentis. Such rights, under certain conditions, are recognized in Alabama as to persons in loco parentis to minor children, Mobley v. Webb, 83 Ala. 489, 3 So. 812; Chandler v. Whatley, 238 Ala. 206, 189 So. 751. No where in Alabama law do we find any rights accruing to one in loco parentis to an adult.

The case which appellee cites, contrary to the holding of those above, is that of Consolidated Underwriters v. Ward et al., 57 S.W.2d 964 (Tex.Civ.App.1933). The blood relationship in that case between the deceased and petitioner was the same as the case before us. The claim for compensation there was that one in loco parentis was by implication included in the classification of parent in the Workmen's Compensation Act.

The Court of Civil Appeals of Texas rejected the claim and stated the following:

"It is true that the Compensation Act (Rev.St.1925, art. 8306 et seq., as amended) should be liberally construed in order to effectuate its fine purpose to compensate industrial employees in case of injury, or their beneficiaries in case of death. But this liberality of construction applies only to those classes specified in the statute, and will not be extended beyond its plain terms to include those not specifically named.

"Such enlargement would tend to break down the law, by opening up its benefits to every dependent, regardless of age or relationship, which clearly was not within the contemplation of the Legislature. If such had been the legislative intent, it would not have specified those persons entitled to compensation. * *"

It is stated by both appellant and appellee that the question involved is one of first impression in this state. We cannot entirely agree that the case law in Alabama is not dispositive of the principles upon which the present case must be decided.

The legislature chose to define the word "child" as it appears in Title 26, Sections 281 and 283. It did not choose to define the word "parent." The definition of "child" referred to is found in Title 26, Section 262(b) and (c), Code of Alabama 1940. It is without question that the definition of child there is much broader than the accepted customary or legal definition. Since the words mother or parent were not expressly broadened by statutory definition, it appears clear that the usual and accepted definition was intended to apply.

Under the definition of child as expressed in the statute, the deceased in this case could not have qualified as a dependent child of the appellant under the act whether he had been minor or adult at the time claim for compensation arose.

In the cases of Ex parte Shaw, 210 Ala. 185, 97 So. 694, and Ex parte Cline, 213 Ala. 599, 105 So. 686, the Supreme Court held that a child merely receiving support and standing toward the deceased in no other relation than that of a person in loco parentis, is not included even under the broad definition of "child" in the Workmen's Compensation Act. A fortiori, if one cannot be a child to a person in loco parentis under the Act, one merely in loco parentis to a child, though receiving support from him, cannot be included under the narrow and legally strict word "parent" as it appears in the Workmen's Compensation Act.

We point to Alabama cases holding that the right to benefits under the Workmen's Compensation Act does not rest upon dependency alone but there must also exist the relationship specified in the statute. Hunt v. U. S. Steel Corp., 274 Ala. 328, 148 So.2d 618; Sloss-Sheffield Steel & Iron Co. v. Watford, 245 Ala. 425, 17 So. 2d 166 (1944); Talley v. A & M Construction Co., 284 Ala. 371, 225 So.2d 359 (1969).

Though we have great sympathy for appellant in this case and may feel that the Workmen's Compensation Act should be amended to include such a factual relationship as existed between Mrs. Browning and the deceased, this Court cannot make such an amendment. That is the sole prerogative of the legislature. We do not believe the judiciary can institute social reform by decree, particularly when constitutional governing statutes are clear and implicit to the contrary.

We hold that one standing in loco parentis to a deceased employee covered by Workmen's Compensation is not a "parent," though wholly dependent, within the meaning of the Act.

The remaining assignment of error is directed toward the form of the judgment, as it did not contain a finding of fact in accordance with the provisions of Title 26, Section 304, Code of Alabama 1940.

We are of the opinion that the judgment on the plea in abatement is sufficient and the provisions of Section 304 are not applicable in this case. The judgment here relates solely to the right of petitioner to maintain a suit under the Act, and not to the merits of whether recovery, and how much, is due petitioner under the Act.

Though unnecessary to our decision, it would appear that a demurrer to the petition would have proved fatal, as the petition shows on its face petitioner has no capacity to bring the action.

Though there was testimony produced by petitioner at the hearing on the plea, such testimony was merely cumulative and in no way contrary to the allegation of the petition. In fact, there was nothing before the court except a matter of substantive law arising from and clearly presented by the petition and plea. We can see no issue of fact presented.

We find in the case of Bryant v. Central Foundry Co., 217 Ala. 332, 116 So. 345, the following: "* * * The statute contemplates, not a recital of the evidence, * * * but a determination by the trial judge of the facts established by the evidence, responsive to the issues presented, * * *."

The judgment of the court is fully sustained by the averments of the petition.

There appearing no error in the record, the judgment of the trial court must be affirmed.

Affirmed.