L. CHARLES WRIGHT, Retired Appellate Judge.
In May 1986 the First Bank of Baldwin County (Bank) filed a complaint in the District Court of Baldwin County asserting a claim for damages against J.B. Creech (Creech) in the amount of $3,611.83, plus interest, costs, and attorney’s fees. The amount of damages claimed resulted from an outstanding loan that Creech owed to the Bank which was in default.
Creech answered and counterclaimed, asserting that the Bank had converted to its own use a check presented for collection in the amount of $1,001 payable to Creech from Providence Hospital. Creech requested that he be awarded punitive damages. The Bank filed a motion for summary judgment on both the original complaint and the counterclaim, and the motion was denied.
Creech filed a motion to transfer to circuit court, and the motion was granted. Thereafter, both the Bank and Creech filed motions for summary judgment on the counterclaim and briefs in support of said motions. The Bank also amended its complaint wherein it incorporated its prior allegations and further. alleged that, if the Bank did in fact owe Creech the amount of the check presented for collection, the Bank was entitled to setoff said amount against the amount of the loan which was now in default.
The Bank filed a motion for summary judgment on its setoff claim and on Creech’s claim for punitive damages along with a brief in support of said motion. After oral arguments the trial court denied Creech’s motion for summary judgment; granted the Bank’s motion for summary judgment on Creech’s counterclaim; and granted the Bank summary judgment relief on its complaint against Creech in the amount of $2,882.41, including interest, attorney's fees, and costs. Creech appeals.
On appeal, Creech alleges that the trial court erred when it (1) denied his motion for summary judgment on his counterclaim, (2) granted the Bank’s motion for summary judgment on the counterclaim, and (3) granted summary judgment relief for the Bank on its complaint, because the Bank had failed to petition for such relief.
Our review of the record reveals that Creech executed a promissory note and security agreement with the Bank for the purchase of a pickup truck in July 1985. Creech fell behind in his payments and requested an extension of the loan. This request was granted by Ron Moore, the branch manager for the Bank, and the loan was extended for three or four months.
In March 1986, after Creech was five months behind in his loan payments, the Bank repossessed the truck. Creech was notified of his right of redemption, and he signed a voluntary release of security which stated that he was liable for any deficiency should the sale of the collateral fail to fully settle the debt.
*269 The truck was sold and a balance on the loan remained. In May 1986 Creech received a check in the amount of $1,001 from Providence Hospital which was drawn on the Morgan Bank in Wilmington, Delaware. Creech took this check to the Bank to cash it.
The Bank informed Creech that it would have to send the check for collection, as it was not familiar with the Morgan Bank. Creech did not give any instructions to the Bank, nor did he make any statements regarding the check other than he wished to cash it.
The proceeds of this check returned to the Bank in the form of a cashier’s check. The Bank applied the amount of the cashier’s check against Creech’s loan as a set-off and notified him by letter of this action. (The Bank filed suit to recover the deficiency owed by Creech on the loan prior to the time that the proceeds from Morgan Bank were received.)
Creech contends that the trial court erred when it denied his motion for summary judgment on his counterclaim and granted the Bank’s motion for summary judgment on the counterclaim. Creech argues that the Bank never obtained a lien or right of setoff on the check because he did not deposit the check into his checking account at the Bank.
Section 7-4-201(1), Ala. Code (1975), provides in pertinent part:
“(1) Unless a contrary intent clearly appears and prior to the time that a settlement given by a collecting bank for an item is or becomes final (subsection (3) of section 7-4-211 and sections 7-4-212 and 7-4-213) the bank is an agent or subagent of the owner of the item and any settlement given for the item is provisional. This provision applies regardless of the form of indorsement or lack of indorsement and even though credit given for the item is subject to immediate withdrawal as of right or is in fact withdrawn; but the continuance of ownership of an item by its owner and any rights of the owner to proceeds of the item are subject to rights of a collecting bank such as those resulting from outstanding advances on the item and valid rights of setoff" (Emphasis added.)
Comment 4 of the Official Comment to this code section provides in part: “At some stage in the bank collection process the agency status of a collecting bank changes to that of debtor, a debtor of its customer.”
The Bank’s right of setoff (also known as a banker’s lien or common-law lien) occurs only in situations where a debt- or-creditor relationship exists between the bank and the customer and there is a mutuality of demands. Get It Kwik of America v. First Alabama Bank, 361 So.2d 568 (Ala.Civ.App.1978). It has long been recognized that “a bank ... has a lien on all moneys and funds of a depositor or customer, coming into ... its possession in due course of business, for any balance of general account due from the customer.” King v. Porter, 230 Ala. 112, 116, 160 So. 101, 105 (1935) (emphasis omitted; citations omitted). This lien attaches to a customer’s general deposit as well as any business paper which he entrusts to the bank for collection. Annot., 22 A.L.R.2d 478 (1952). The bank has the right to apply such funds to a matured debt without direction or authority from the customer. Annot., 22 A.L.R.2d 478 (1952).
We find that the Bank, after collection of the check, obtained a banker’s lien upon the proceeds with the right to setoff against Creech’s matured debt. The trial court did not err when it denied Creech’s motion for summary judgment and granted the Bank’s motion for summary judgment on the counterclaim.
Creech also argues that the trial court erred when it granted summary relief to the Bank on its complaint, because the Bank had failed to petition for such relief. Creech contends that the trial court lacked the authority to grant such relief.
The primary concern is not whether a court has the “power” to enter summary judgment without a motion, but whether the party against whom the judgment was entered was given sufficient notice and an adequate opportunity to demonstrate why summary judgment should not be rendered *270 in favor of his opponent. 10A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure: Civil 2d § 2720 (1983). This must be decided on a case-by-case basis.
In his response to the Bank’s request for admissions of fact, Creech admitted that he owed the debt. In his deposition he admitted that he obtained the loan and never made a payment on it.
The Bank amended its complaint to add a setoff count and incorporated the allegations of the original complaint into this count. Thereafter, the Bank filed a motion for summary judgment on the setoff count with supporting brief. When considering all the motions for summary judgment which had been filed, the trial court had before it the depositions of Creech, Moore, the attorney for the Bank, and the Bank teller who handled the check; the Bank’s request for admissions of fact; supporting memorandum briefs from both parties, and the oral arguments of both parties.
There being no dispute of any material fact, but an admission of the debt charged in Count One of the complaint, we find that Creech had sufficient notice and opportunity to demonstrate why summary relief should not be rendered in favor of the Bank. He failed to do so.
The judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.