CRAWLEY, Judge,
concurring in the result.
I concur in the affirmance of the trial court’s award of benefits. However, I have’concluded that'the issue in this case is actually better resolved by application of the “successive-compensable-injury” test as described in Ex parte Pike County Commission, 740 So.2d 1080, 1084 (Ala. 1999). The successive-compensable-injury test, which applies to injuries that are not directly related to work activities, requires a worker to prove that “ ‘the primary injury [arose] out of and in the course of employment,”’ see Ex parte Pike County Comm’n, 740 So.2d at 1084 (quoting 1 Arthur Larson & Lex K. Larson, Larson’s Workers’ Compensation Law, § 13.00 (1998)), and that the subsequent injury was the “ ‘direct and natural result of a compensable primary injury.’ ” Id. (quoting 1 Larson, supra, § 13.11). Moreover, the subsequent injury must have resulted from a “ ‘routine event ... ordinarily one where the claimant is doing an activity that would be customary in light of his condition.’ ” Id. (quoting Wilson v. Work *113 ers’ Comp. Comm’r, 174 W.Va. 611, 616, 328 S.E.2d 485, 490 (1984)).
Although the evidence would support the conclusion that the worker’s left-arm injury was related to her exposure to repetitive stress at the workplace, her injury actually arose while the worker was not performing any work for the company, i.e., while she was awaiting her doctor’s release to work after the November 1996 surgery on her right arm. Dr. Robert Allen, who saw the worker in March 1999, testified that the worker’s left-arm injury, which likely had its root in her repetitive-stress job, developed, or became symptomatic, as she relied on her left arm more at work and during her daily activities. The trial court apparently determined, based on Dr. Allen’s testimony, that the left-arm injury manifested itself as a result of the worker’s overuse of her left arm while favoring her injured right arm.
The right-arm injury was, from all that appears in the record, a work-related injury, and the worker’s “overuse” of her left arm during daily activities would be a “routine event” in light of her right arm injury. Nothing in the record suggests that the worker injured her left arm by participating in any activity that would not be “considered customary in light of [her] condition.” Although the trial court was not applying the “successive-compensable-injury” test, its judgments contain factual findings and conclusions that support the application of this test. Because this court may affirm a trial court’s judgment for any reason, even a reason not argued to, presented to, or contemplated by the trial court, see Maryland Cas. Co. v. Tiffin, 537 So.2d 469, 473 (Ala.1988) (citing Smith v. Equifax Servs., Inc., 537 So.2d 463 (Ala. 1988)), I concur in the affirmance of the award of workers’ compensation benefits to the worker.
THOMPSON and MURDOCK, JJ„ concur.