This appeal arises from a dispute concerning which of two employers is responsible, under the Workers' Compensation Act, § 25-5-1 et seq., Ala. Code 1975 ("the Act"), for providing medical treatment to a particular employee.
Roger Smitherman ("the employee") filed a complaint in the Chilton Circuit Court seeking benefits under the Act arising from an alleged work-related injury to his right hip, right arm, and face that, the employee claimed, had occurred in 1999. In 2002, the employee amended his complaint on two occasions, once to properly name the defendant, Alpine Associate Industrial Services, Inc. ("Alpine"), and a second time to add a claim that he had suffered a new injury, or had aggravated a previous injury, to his back at the same time that he suffered his other alleged injuries.[1] Alpine denied liability under the Act and asserted various affirmative defenses.
In November 2002, the employee's previous employer, Southern Tank and Repairs, Inc. ("Southern Tank"), and Southern Tank's workers' compensation insurance carrier, Zenith Insurance Company ("Zenith"), petitioned for, and were granted, leave to intervene in the action. Although the petition to intervene is not contained in the record, it appears that Southern Tank and Zenith *Page 393 
were allowed to intervene so as to permit them to assert their claim that Alpine was responsible for providing medical benefits under the Act with respect to the employee's lower-back pain. In March 2003, Alpine filed a motion for a partial summary judgment, requesting that the trial court determine that Southern Tank and Zenith, not Alpine, were responsible for providing medical benefits and reimbursement of medical expenses with respect to the employee's lower back; Alpine's motion was supported by excerpts from the transcripts of depositions taken of the employee and his treating physician, Dr. Robert Wilkinson. The employee filed a response in opposition to Alpine's summary-judgment motion; the employee filed affidavits executed by him and his wife, as well as medical records from his 1999 hospitalization, the transcribed deposition of Dr. Daniel Doleys (a clinical psychologist), and Doleys's report of a May 2001 pain evaluation of the employee. Southern Tank and Zenith also opposed Alpine's motion, relying on deposition testimony given by the employee, Dr. Doleys, and Dr. Wilkinson, in addition to various medical records.
Before the trial court had ruled on Alpine's summary-judgment motion, Alpine and the employee[2] entered into an agreement under which the employee would accept a $120,000 structured settlement payment in lieu of prosecuting his claims under the Act against Alpine arising out of the injuries he sustained in 1999. However, the settlement agreement left open the issue of the employee's entitlement to future medical benefits with respect to his 1999 injuries. At a hearing on August 29, 2003, the trial court approved a petition to approve the settlement reached by the employee and Alpine and indicated on the case action summary sheet that, "[w]ith [the] consent of all counsel," Alpine's motion for a summary judgment would be "submitted on briefs taken under advisement."
On September 18, 2003, the trial court entered an "Order on . . . Alpine ['s] . . . Motion For Summary Judgment" in which it confirmed that the parties had informed that court that "all issues had been resolved except for the issues raised in the Motion for Summary Judgment." Noting that the employee had suffered work-related injuries in both 1997 and 1999, and that the employee had complained of back pain after both injuries, the trial court identified the pertinent issue as being whether the employee's back pain experienced after his 1999 injury "is simply a recurrence of his 1997 back injury or . . . the result of an aggravation of the 1997 injury." Although the trial court acknowledged that no doctor had testified that the employee had suffered "an absolute new injury" in 1999, it opined that "[c]ommon sense dictates that a fall of approximately 25 feet" such as that the employee had experienced just before his 1999 injury "would definitely aggravate the back problem that he had had since 1997." The trial court therefore determined that the employee had suffered an "aggravation" of a previous lower-back injury so as to render Alpine responsible for providing medical benefits to the employee with respect to his back pain. The trial court's order adjudicated the last remaining undecided issue in the case; Alpine's notice of appeal, dated October 28, 2003, was therefore timely. See Rule 4(a)(1), Ala. R.App. P., and Rule 54(b), Ala. R. Civ. P.
Alpine contends that the trial court erred in entering the partial summary *Page 394 
judgment requiring it to provide medical benefits; it argues that the partial summary judgment was procedurally improper in that it was entered in favor of a party that had not moved for a summary judgment and that the partial summary judgment was substantively improper because a genuine issue of material fact existed. Although Southern Tank and Zenith have filed a brief on appeal that largely agrees with Alpine's position, and concede that the judgment is due to be reversed, the employee urges affirmance, principally contending in his appellate brief that the trial court's partial summary judgment is, in actuality, not a summary judgment governed by Rule 56, Ala. R. Civ. P.
The employee asserts that the trial court's September 18, 2003, order is not a summary judgment because, he says, "the order addresses and rules on the remaining issue and does not address solely the language and analysis in evaluating summary judgment." The employee appears to contend that the inclusion of findings of fact and conclusions of law in the order indicates an intent to comply with § 25-5-88, Ala. Code 1975, a part of the Act, which provides, in pertinent part (emphasis added):
 "[A worker's compensation] action shall proceed in accordance with and shall be governed by the same rules and statutes as govern civil actions, except as otherwise provided in this article and Article 2 of this chapter, and except that all civil actions filed hereunder shall be preferred actions and shall be set down and tried as expeditiously as possible. At the hearing or any adjournment thereof the court shall hear such witnesses as may be presented by each party, and in a summary manner without a jury, unless one is demanded to try the issue of willful misconduct on the part of the employee, shall decide the controversy. This determination
shall be filed in writing with the clerk of said court, and judgment shall be entered thereon in the same manner as in civil actions tried in the said circuit court and shall contain a statement of the law and facts and conclusions as determined by said judge."
This language indicates that our Legislature intends that "this determination," i.e., a trial court's decision entered after a nonjury trial in a case arising under the Act, should contain "a statement of the law and facts."
However, the presence of factual findings and conclusions of law in the September 18, 2003, order may not properly be relied upon to classify the order as being something other than a summary judgment. That is because this court has placed a judicial gloss on § 25-5-88 so as to require that any finaljudgment in a workers' compensation case entered beyond the initial pleadings,[3] including a summary judgment, must comply with that portion of § 25-5-88 requiring the trial court to state findings of fact and conclusions of law. E.g.,Sheffield v. Choctaw Transp., Inc., 891 So.2d 344, 345
(Ala.Civ.App. 2004); Johnson v. Harbison-Walker RefractoriesCo., 847 So.2d 377, 378 (Ala.Civ.App. 2002); Farris v. St.Vincent's Hosp., 624 So.2d 183 (Ala.Civ.App. 1993). This court's gloss has been criticized on the rationale that, "[o]n review of a summary judgment in a workers' compensation case, the finding of facts would not be conclusive or even persuasive" on a reviewing court. 2 Terry A. Moore, Alabama Workers'Compensation § 24:55 *Page 395 
(West 1998). While there may indeed be "[n]o good reason" for requiring findings of fact and conclusions of law in a summary judgment entered in a workers' compensation case (id.), the trial court's inclusion of such findings and conclusions in its September 18, 2003, order does not demonstrate that the order is not a partial summary judgment.
The employee's position is further undercut by the language in the order. The September 18, 2003, order acknowledges that "[t]his matter is before the Court on Alpine's Motion for Summary Judgment" and the responses thereto. The order also notes that the parties had settled all issues "except for the issues raised in the Motion for Summary Judgment," and it states that the trial court "indicated to counsel that it would rule on the pending Motion for Summary Judgment." The trial court further noted that it "ha[d] reviewed the applicable case law as well as the memorandum briefs of counsel, deposition excerpts, affidavits, and medical records," all of which had been filed in support of, or in opposition to, Alpine's motion seeking a partial summary judgment. Therefore, while the timing of the trial court's order is somewhat unusual in that it was entered after all other issues in the case had been adjudicated by consent, we cannot agree with the employee's contention that the order under review is not a partial summary judgment.
We now turn to Alpine's procedural challenge to the partial summary judgment. Alpine contends that Rule 56(c)(3), Ala. R. Civ. P., which refers to the entry of a summary judgment upon a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law" (emphasis added), should be read strictly so as to absolutely bar a judgment for a nonmovant. However, Alpine cites no authority, apart from the rule itself, to support its contention.
While a trial court should not sua sponte enter a summary judgment in favor of a party who has not filed a motion seeking such a judgment without affording "an opportunity to present evidence in opposition to it," Moore v. Prudential Res. Servs.Ltd. P'ship, 849 So.2d 914, 927 (Ala. 2002), entering a summary judgment against a party moving for a summary judgment who has been "given sufficient notice and an adequate opportunity to demonstrate why summary judgment should not be rendered in favor of his opponent" is proper. Creech v. First Bank of BaldwinCounty, 539 So.2d 267, 269-70 (Ala.Civ.App. 1988). In a situation where one party to a civil action has filed a motion for a summary judgment and other parties have had an opportunity to respond, the trial judge "already is engaged in determining whether a genuine issue of material fact exists and the parties have been given an opportunity to present evidence designed either to support or refute the request for the entry of judgment." 10A Charles A. Wright, Arthur R. Miller Mary Kay Kane, Federal Practice Procedure § 2720 (3d ed. 1998). In this case, Alpine was given a full opportunity to present favorable evidence and arguments in support of its partial-summary-judgment motion, and all of the nonmovants filed their responses and evidentiary materials well in advance of August 29, 2003, when Alpine's motion was taken under submission by the trial court. Therefore, we reject Alpine's procedural challenge to the trial court's September 18, 2003, order.
However, we reach a different conclusion with respect to Alpine's substantive challenge to the order. It is well settled that on appeal from a summary judgment a reviewing court looks to whether the appellant has "demonstrated any `genuine *Page 396 
issue as to any material fact'" so as to prevent the appellee "from being `entitled to a judgment as a matter of law.' "Sessions v. Nonnenmann, 842 So.2d 649, 654 (Ala. 2002) (quoting Rule 56(c)(3), Ala. R. Civ. P.). It is also well established that a summary judgment is not presumed to be correct; rather, our review of such a judgment is de novo. E.g.,Hipps v. Lauderdale County Bd. of Educ., 631 So.2d 1023, 1025
(Ala.Civ.App. 1993).
In Camp v. Yeager, 601 So.2d 924 (Ala. 1992), the Alabama Supreme Court noted that in the context of deciding a summary-judgment motion, "[t]he substantive law of the case must be utilized . . . in determining whether there are critical facts to be determined," that is, "disputed facts that could affect the decision" of the trier of fact. 601 So.2d at 927. Here, the substantive law was succinctly stated by the Alabama Supreme Court in Ex parte Pike County Commission, 740 So.2d 1080 (Ala. 1999):
 "Th[e last-injurious-exposure] rule is generally used only to determine which insurance carrier bears responsibility for paying workers' compensation benefits when an employee suffers two or more episodes of compensable disability with an intervening change of employers or change of insurance carriers by the same employer. . . . Under the last-injurious-exposure rule, the carrier covering the risk at the time of the most recent compensable injury bearing a causal relation to the disability bears the responsibility to make the required workers' compensation payments. `The characterization of the second injury as a new injury, an aggravation of a prior injury, or a recurrence of an old injury determines which insurer is liable.' If the second injury is a `new injury' or an `aggravation of a prior injury,' then the carrier at the time of the second injury is liable for the resulting medical bills and disability payments. If, however, the second injury is a `recurrence' of a prior injury, then the carrier at the time of the prior injury is liable for the resulting medical bills and disability payments. Accordingly, if the second injury contributes even slightly to the employee's disability, the current insurer is responsible for the workers' compensation payments. Alabama courts have adopted this rule because it serves public policy by, among other things, `spar[ing] litigants the difficult task of apportioning blame in successive-injury cases' and by being `consistent with Alabama's normal rule for pre-existing injuries, i.e., that the employer (and the employer's insurance carrier) "takes an employee as he finds him at the time of employment."'"
740 So.2d at 1083 (citations and footnotes omitted). Thus, the crucial issue is whether the employee's back pain following his 1999 injury represents merely a recurrence of his 1997 injury, in which case Alpine is not responsible for providing medical benefits with respect to the employee's back condition, or instead represents either a new injury or an aggravation of an old injury, in which case Alpine is responsible for providing medical benefits with respect to the employee's back condition.
The record reveals that the employee suffered a ruptured lumbar disk in April 1997 while working for Southern Tank when he tried to roll a iron "shell buggy" weighing several hundred pounds; he later underwent a microdiskectomy in May 1997.[4] Although the employee was released *Page 397 
to unrestricted, full-duty work in June 1997, two months after his injury, he complained to his physician of back pain in April 1998; however, the employee responded well to epidural blocks he received that month, and he soon returned to full-time work. In September 1999, while working for Alpine, the employee fell to the ground after slipping from a roof; he suffered several broken bones in his face, arm, leg, and pelvis.
We agree with Alpine, Southern Tank, and Zenith that the evidence is in conflict concerning whether the employee's back-pain symptoms arising after the 1999 fall evidence a new back injury, an "aggravation" of the 1997 back injury, or a mere "recurrence" of the 1997 back injury. The employee testified at a deposition that his back problems "relate to [his] old . . . injury," i.e., the 1997 injury suffered while working for Southern Tank. Similarly, Dr. Wilkinson opined, based upon his experience treating the employee and his review of the employee's medical records, that the employee suffered no "aggravation or permanent injury resulting to his lower back from" the 1999 injury, and Dr. Wilkinson attributed the employee's back-pain complaints to his 1997 injury. In contrast, the employee testified at a second deposition that he did complain of back pain to his doctors while being treated in a hospital for the 1999 fall and that he was currently "maxed out" on pain medicine. In addition, the employee's affidavit indicates that his back pain "is worse now since th[e 1999] fall" and states that several doctors had refused to address his back-pain symptoms when he complained of them after that fall. The employee's wife testified by affidavit that the employee had complained more about his back following the 1999 fall, corroborated the employee's testimony that he had been taking stronger pain medication since the fall, and averred that the employee had walked with an altered gait compared to before the fall; Dr. Wilkinson testified that walking with such an altered gait could itself have aggravated the 1997 back injury. Finally, Dr. Doleys testified at his deposition that the employee had reported on May 2, 2001, that the 1999 fall had caused his back pain to worsen.
Given the posture of the record in this case, substantial evidence would support a judgment in favor of Alpine; other substantial evidence would support a judgment against Alpine. However, the summary-judgment procedure is designed to resolve claims and issues as to which there is no genuine factual dispute. While some of the conflicting evidence in this case may be attributed to the employee himself, the Alabama Supreme Court has admonished that neither the trial court nor a reviewing court "may undertake credibility assessments in reviewing testimonial evidence submitted in favor of, and in opposition to, a motion for a summary judgment." Lyons v. Walker Reg'l Med. Ctr.,868 So.2d 1071, 1077 (Ala. 2003). The weight and credibility of all of the evidence that may be adduced by the parties concerning the nature of the employee's 1999 injury must await assessment by the trial court sitting as the trier of fact.
The partial summary judgment entered by the trial court in this case is reversed. The cause is remanded for that court, pursuant to the mandate of our Legislature, to "set down and tr[y]" the case "as expeditiously as possible," to "hear such witnesses as may be presented by each party," and thereafter to "decide the controversy" among the parties concerning whether or not the employee suffered a new or aggravated back injury as a result *Page 398 
of the 1999 fall. See Ala. Code 1975, § 25-5-88.
REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY and THOMPSON, JJ., concur.
MURDOCK, J., concurs in the result, without writing.
[1] The employee also amended his complaint once in 2003 to claim that he had suffered psychological trauma as a result of his 1999 injury. That claim is not at issue in this appeal.
[2] Although it was not a party to the employee's claims in the trial court, Skilstaf, Inc., was identified as an additional party in the settlement agreement.
[3] When a trial court dismisses a workers' compensation case on a preliminary motion, § 25-5-88 does not apply. See Browningv. City of Huntsville, 46 Ala.App. 503, 507, 244 So.2d 378, 381
(Civ. 1971).
[4] The employee entered into a settlement agreement with Zenith under which he received $11,000 as compensation for that injury; future medical benefits were left open under the terms of that settlement agreement.