961 So.2d 166 (2007)
Keith SISTRUNK
v.
SIKORSKY SUPPORT SERVICES, INC.
2050622.
Court of Civil Appeals of Alabama.
January 5, 2007.
*167 Steven K. Goozée of Goozée, King & Horsley, LLP, Birmingham, for appellant.
Steadman S. Shealy, Jr., of Cobb, Shealy, Crum & Derrick, P.A., Dothan, for appellee.
BRYAN, Judge.
Keith Sistrunk appeals a workers' compensation judgment insofar as it determined that an injury to Sistrunk's left shoulder was not compensable under the Alabama Workers' Compensation Act, § 25-5-1 et seq., Ala.Code 1975. Because we conclude that the trial court misapplied the applicable law, we reverse the judgment insofar as it determined that the injury to Sistrunk's left shoulder was not compensable, and we remand the case.
Sistrunk worked as a mechanic for Sikorsky Support Services, Inc. Sistrunk sued Sikorsky Support, seeking workers' compensation benefits for injuries to his right shoulder. Sistrunk amended his complaint to allege that he also had injured his left shoulder by overcompensating with his left arm for his right-shoulder injuries. Sistrunk and Sikorsky Support later stipulated that Sistrunk had sustained compensable injuries to his right shoulder as a result of accidents at work on September 20, 2000, and September 17, 2002. The case proceeded to trial, in *168 which the only two issues to be determined by the trial court were: (1) the nature and extent of Sistrunk's disability; and (2) whether the injury to Sistrunk's left shoulder was a compensable injury under the Alabama Workers' Compensation Act.
At trial, the trial court received oral testimony from Sistrunk and Dana Davis, an environmental-health-and-safety manager employed by Sikorsky Support. The trial court also received the deposition testimony of Sistrunk and Dr. Dexter Walcott, who had treated Sistrunk after his September 2002 accident. In his deposition testimony, Dr. Walcott testified that he placed Sistrunk on light-duty work restrictions following the accident in September 2002 in which Sistrunk injured his right shoulder. The light-duty work restrictions imposed by Dr. Walcott included no heavy lifting with the right arm and no overhead work with the right arm. Dana Davis testified that Sistrunk's light-duty activities consisted of shredding paper and sorting small parts, such as nuts, bolts, and washers.
Dr. Walcott testified that Sistrunk first complained of an injury to his left shoulder in December 2002. Sistrunk testified that he progressively began to experience pain in his left shoulder following the injuries to his right shoulder. Sistrunk informed Dr. Walcott that he believed that the left shoulder had been injured because of overuse of the left arm while Sistrunk's right arm was injured. Dr. Walcott diagnosed Sistrunk's left-shoulder injury as a torn rotator cuff.
Dr. Walcott opined that Sistrunk's left-shoulder injury was not related to the light-duty work that Sistrunk had been performing after the September 2002 accident. Dr. Walcott stated that Sistrunk's left-shoulder injury "could" be related to "overcompensation" for the right-shoulder injuries and that it was "possible" that the left-shoulder injury was related to this "overcompensation." It appears that Dr. Walcott's use of the word "overcompensation" in this context may have been a reference to "overcompensation" at work only. Dr. Walcott testified that it was "probable" that Sistrunk's left-shoulder injury was due to "overcompensation" if Sistrunk performed no other activities with his left arm other than the light-duty activities that he performed while at work. Dr. Walcott also testified that Sistrunk would not have experienced "overcompensation of his left shoulder" were it not for the injuries to his right shoulder.
On April 6, 2006, the trial court entered a judgment determining that Sistrunk had sustained a permanent partial disability as a result of the injuries to his right shoulder and that Sistrunk's left-shoulder injury was not compensable under the Alabama Workers' Compensation Act. Sistrunk timely appealed the judgment to this court.
Section 25-5-81(e), Ala.Code 1975, provides the applicable standard of review in workers' compensation cases:
"(1) In reviewing the standard of proof set forth herein and other legal issues, review by the Court of Civil Appeals shall be without a presumption of correctness.
"(2) In reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence."
On appeal, Sistrunk argues that the trial court erred by concluding that the torn-rotator-cuff injury to his left shoulder was not compensable. It is undisputed that the injuries to Sistrunk's right shoulder are compensable. Sistrunk argues that the injury to his left shoulder is compensable pursuant to the "successive-compensable-injury test."

*169 "Our supreme court adopted the successive-compensable-injury test in Ex parte Pike County Commission, 740 So.2d 1080 (Ala.1999). The court explained the test as follows:
"`When determining whether a successive injury is compensable, the general rule is that "[w]hen the primary injury is shown to have arisen out of and in the course of employment, every natural consequence that flows from the injury likewise arises out of the employment, unless it is the result of an independent intervening cause attributable to [the] claimant's own intentional conduct." 1 Larson, [Larson's Workers' Compensation Law], § 13.00 [(1998)]. In applying this rule . . ., the Supreme Court of Appeals of West Virginia held:
"`"[I]f a worker's compensation claimant shows that he received an initial injury which arose out of and in the course of his employment, then every normal consequence that flows from the injury likewise arises out of the employment. If, however, a subsequent aggravation of the initial injury arises from an independent intervening cause not attributable to the claimant's customary activity in light of his condition, then such aggravation is not compensable.
"`". . . . "
"`Wilson v. Workers' Compensation Comm'r, 174 W.Va. 611, 616, 328 S.E.2d 485, 490 (1984); see also Lou Grubb Chevrolet, Inc. v. Industrial Comm'n, 174 Ariz. 23, 26, 846 P.2d 836, 839 (Ariz.App.1992) ("[An] employee's reasonable conduct in causing a later nonindustrial injury does not relieve the employer of liability if the later injury is the `direct and natural result' of the compensable work injury"). Thus, "a subsequent injury, whether an aggravation of an original injury or a new and distinct injury, is compensable if it is the direct and natural result of a compensable primary injury." 1 Larson, supra, § 13.11.'
"740 So.2d at 1084.
". . . The supreme court has also stated, `Under the "successive-compensable injury" test, the issue is not whether the primary injury caused the second [non-work-related] accident.' Ex parte Dunlop Tire Corp., 772 So.2d 1167, 1171 (Ala.2000) (emphasis added [in Kent])."
Landstar Ranger v. Kent, 828 So.2d 322, 324 (Ala.Civ.App.2002).
In concluding that Sistrunk's left-shoulder injury was not compensable, the judgment of the trial court focused on Sistrunk's light-duty work activities following his right-shoulder injuries. The trial court's judgment stated, in pertinent part:
"The Court finds [that Sistrunk's] left shoulder injury is not compensable under the Alabama Worker's Compensation Laws and was not caused by or related to the right shoulder injury. . . .
"The Court further noted [that Sistrunk's] physician[, Dr. Walcott,] admitted that he did not think that [Sistrunk's] left shoulder injury was due to activities at work. Based on the fact that [Sistrunk] was on light duty such as shredding paper for 2 months and then was placed at a desk sorting small parts (nuts & bolts), [Sistrunk's] injury to his left shoulder is not work related.
". . . .
". . . [T]he Court finds that [Sistrunk] did not sustain the burden of proof necessary so as to entitle him to recover under the Worker's Compensation Laws of the State of Alabama nor sustain the burden of proof required so as to substantiate the allegation that he sustained *170 any compensable left shoulder injury under said laws. In sum, it appeared to the Court that from the medical testimony presented by Dr. Walcott, and [from Sistrunk's] work restrictions, the trial court cannot properly find that the left rotator cuff injury is compensable because it is not a natural and direct result of the right shoulder injury."
It appears from the judgment that the trial court concluded that, due to the light-duty nature of Sistrunk's work activities following his right-shoulder injuries, Sistrunk's left-shoulder injury was not a "natural and direct result" of his right-shoulder injuries. However, a determination whether Sistrunk's left-shoulder injury is a "natural and direct result" of his right-shoulder injuries is not limited to an evaluation of Sistrunk's work activities after his earlier injuries. As we have noted, "`"[i]f a worker's compensation claimant shows that he received an initial injury which arose out of and in the course of his employment, then every normal consequence that flows from the injury likewise arises out of the employment."'" Landstar Ranger, 828 So.2d at 324 (quoting Ex parte Pike County Comm'n, 740 So.2d 1080, 1084 (Ala.1999), quoting in turn Wilson v. Workers' Comp. Comm'r, 174 W.Va. 611, 616, 328 S.E.2d 485, 490 (1984)). For example, the employee in Ex parte Pike County Commission
"had a series of work-related back injuries; he filed the action at issue in that opinion after lifting his 12-pound baby at home. 740 So.2d at 1082. The supreme court affirmed the trial court's finding that the employee's injury after lifting the baby was a compensable injury, because `[l]ifting a 12-pound baby is an activity that is "customary in light of [the employee's] condition." Wilson [v. Workers' Comp. Comm'r], 174 W.Va. [611] at 616, 328 S.E.2d [485] at 490 [(1984)].' 740 So.2d at 1084."
Landstar Ranger, 828 So.2d at 324. Moreover, "it is not the situs of the second injury (i.e., either the place where the accident occurred or the physical location of the injury) that is controlling, but rather whether the subsequent injury was a natural consequence of a prior compensable injury." Erwin v. Harris, 474 So.2d 1125, 1128 (Ala.Civ.App.1985).
Sistrunk argued before the trial court that his left-shoulder injury was compensable because, he said, it was a direct result of his overcompensating with his left arm for his right-shoulder injuries. The trial court's conclusion that Sistrunk's left-shoulder injury was not compensable appears to be based on a finding that Sistrunk's alleged overcompensation while working was insufficient to result in a work-related injury. However, it matters not whether Sistrunk's overcompensation with his left arm, allegedly resulting in his left-shoulder injury, occurred while he was actually working for Sikorsky Support. The applicable standard is whether Sistrunk's left-shoulder injury was "the direct and natural result" of his compensable right-shoulder injuries, regardless of whether it was incurred at work or elsewhere. Landstar Ranger, supra; and Erwin, supra. Accordingly, because the trial court misapplied the applicable standard, the judgment of the trial court is due to be reversed insofar as it determined that the injury to Sistrunk's left shoulder was not compensable.
We note also that the rotator-cuff injury to Sistrunk's left shoulder appears to have resulted from gradual deterioration or cumulative physical stress. Sistrunk testified that he did not injure his left shoulder in an accident and that he progressively began to experience pain in his left shoulder after suffering his right-shoulder *171 injuries. In its judgment, the trial court did not specify whether it found Sistrunk's left-shoulder injury to be a result of gradual deterioration or cumulative physical stress. Should the trial court find Sistrunk's left-shoulder injury to be either the result of gradual deterioration or the result of a cumulative-physical-stress disorder, we note that such an injury is "compensable only upon a finding of clear and convincing proof that [that injury] arose out of and in the course of the employee's employment." § 25-5-81(c), Ala.Code 1975. That is, if Sistrunk's left-shoulder injury is a cumulative-physical-stress injury, he would have to establish by clear and convincing evidence that it was the direct and natural result of his compensable right-shoulder injuries. § 25-5-81(c); and Landstar Ranger, supra. See also Wal-Mart Stores, Inc. v. Kennedy, 799 So.2d 188, 196-97 (Ala.Civ.App.2001) (stating that a successive compensable injury that is also a cumulative-physical-stress injury must be established by clear and convincing evidence).
We reverse the judgment insofar as it determined that the injury to Sistrunk's left shoulder was not compensable under the Alabama Workers' Compensation Act. We remand the case for the trial court to determine whether Sistrunk's injury to his left shoulder is compensable, applying the standards articulated in this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
CRAWLEY, P.J., and THOMPSON, J., concur.
PITTMAN, J., concurs in the result, without writing.
MURDOCK, J., dissents, with writing.
MURDOCK, Judge, dissenting.
I respectfully dissent. The record in this case does not contain substantial evidence indicating that Sistrunk's left-shoulder injury resulted from overcompensation by Sistrunk outside of work for his right-shoulder injury. Indeed, Sistrunk failed to identify to the trial court and fails to identify to this court what nonwork activity might have precipitated his left-shoulder injury. The only evidence of any nonwork activity by Sistrunk is evidence indicating that he lifted weights for exercise outside of work.