MOORE, Judge,
concurring specially.
I fully concur in the reasoning and the result of the main opinion. I write specially to add that the standard of review applicable to this case further bolsters the result reached in the main opinion.
As the main opinion correctly states, this court may reverse a pure finding of fact only if that finding of fact is not supported by substantial evidence. 29 So.3d at 214 (citing Ala.Code 1975, § 25-5-81(e)(2)). In Ex parte McInish, [Ms. 1060600, Sept. 5, 2008] — So.3d - (Ala.2008), the supreme court explained the meaning of “substantial evidence” in relation to an appellate court’s review of findings of fact that were established by clear and convincing evidence at the trial-court level:
“In sum, the statutorily prescribed substantial-evidence standard of appellate review in workers’ compensation cases makes no distinction between the. preponderance-of-the-evidence level of proof and the clear-and-convincing-evidence level of proof and is applicable to findings of fact made pursuant to each, albeit in necessarily different degrees because of the heightened level of evidence necessary to satisfy the latter. Put another way, the quantum of proof necessary to sustain on appeal, as supported by substantial evidence in the record, a finding of fact based on a clear-and-convincing-evidence standard is greater than the quantum of proof necessary to sustain on appeal, as supported by substantial evidence in the record, a finding of fact based on the lesser standard of a preponderance of the evidence.
“Stated specifically in the context of a substantial-evidence standard of review required in a proceeding like the one before us, a cumulative-physical-stress/gradual-deterioration worker’s compensation case, the burden that an employee must bear was accurately stated by then Judge Murdock in his special concurrence:
“ ‘[T]he evidence necessary for appellate affirmance of a judgment based on a factual finding in the context of a case in which the ultimate standard for a factual decision by the trial court is clear and convincing evidence is evidence that a fact-finder reasonably could find to clearly and convincingly [as clear and convincing is defined by § 25-5-81 (c) ] establish the fact sought to be proved.’
“KGS Steel, [Inc. v. McInish, [Ms. 2040526, June 30, 2006] — So.3d -, - (Ala.Civ.App.2006) ].
“To analogize the test set out above by Judge Prettyman [in Curley v. United States, 160 F.2d 229, 232-33 (D.C.Cir.1947),] for trial courts ruling on motions for a summary judgment in civil cases to *222 which a clear-and-convincing-evidence standard of proof applies, 'the judge must view the evidence presented through the prism of the substantive evidentiary burden’; thus, the appellate court must also look through a prism to determine whether there was substantial evidence before the trial court to suppori a factual finding, based upon the trial court’s weighing of the evidence, that would ‘produce in the mind, [of the trial court] a fiim conviction as to each element of the claim and a high probability as to the correctness of the conclusion.’§ 25 — 5—81(c).”
— So.3d at - (emphasis added).
In this case, in determining whether the avascular necrosis in the left hip of Marilyn Orr (“the employee”) qualified as a successive compensable injury, the trial court applied the clear-and-convincing-evidence standard set out in § 25-5-81(c):
“ ‘[C]lear and convincing’ shall mean evidence that, when weighted against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence or the substantial weight of the evidence, but less than beyond a reasonable doubt.”[5]
Pursuant to Ex parte McInish, we must review the evidence through the prism of the clear-and-convincing-evidence standard to determine whether there is substantial evidence upon which the trial court reasonably could reach a firm conviction, with a high probability of correctness, that the avascular necrosis in the employee’s left hip is a direct and natural consequence of the employee’s compensable left-knee injury.
Based on the uncontradicted evidence that avascular necrosis results from loss of blood circulation to the bone, the unequivocal testimony of Dr. Hartzog that the altered gait of the employee did not cause or contribute to that condition, and Dr. Good-son’s responses to the hypothetical questions that accurately restated the chronology of the employee’s symptoms, as well as the absence of any competent contradictory medical testimony, I agree with the main opinion that the record does not contain substantial evidence indicating that the employee’s altered gait, which resulted from her left-knee injury, caused or contributed to the development of the employee’s avascular necrosis or its painful symptoms. Based on the state of the medical evidence, the trial court could not reasonably have reached a firm conviction, with a high probability of correctness, that the employee’s avascular necrosis was a direct and natural consequence of her left-knee *223 injury. Therefore, I concur with the main opinion that the judgment should be reversed.

. Neither party argues on appeal that the trial court erred in applying the clear-and-convincing-evidence standard, thus the application of that standard has now become part of the law of the case. See, generally, Ex parte Discount Foods, Inc., 789 So.2d 842, 846 n. 4 (Ala.2001) ("Generally, the law-of-the-case doctrine provides that when a court decides upon a rule of law, that rule should continue to govern the same issues in subsequent stages in the same case.”); see also Stockton v. CKPD Dev. Co., 982 So.2d 1061, 1066 (Ala.2007) (holding that unchallenged ruling by lower court becomes law of the case on review by higher court). I further note that, in Sistrunk v. Sikorsky Support Services, Inc., 961 So.2d 166 (Ala.Civ.App.2007), this court ruled that, if an employee claims a successive com-pensable injury based on gradual deterioration or cumulative physical stress, the employee bears the burden of proving that injury by clear and convincing evidence. 961 So.2d at 171 (citing Wal-Mart Stores, Inc. v. Kennedy, 799 So.2d 188, 196-97 (Ala.Civ.App.2001) (stating that a successive compensable injury that is also a cumulative-physical-stress injury must be established by clear and convincing evidence)).